## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

_____

NANCI MOORE and ALEXIS MOORE;

          Plaintiffs,

-vs-

UNITES STATES CENTER FOR
SAFESPORT; SIMONE CARDOSA,
Investigator for United States Center
for SafeSport, in her official capacity,
and personally; Participating Entity 1;
Participating Entity 2; Participating
Entity 3; and Participating Entity 4,

          Defendant.

_____/

Case No. 23-cv-11681

HON. THOMAS L. LUDINGTON

BRYAN & PRINCE, PA
BY: RUSSELL SCOTT PRINCE
Attorneys for Plaintiffs
1600 East 8th Avenue
Centro Ybor A200
Tampa, FL 33605
(813) 491-8767

SMITH BOVILL, P.C.
BY: ANDREW D. CONCANNON (P49336)
Attorneys for Participating Entity 1
200 St. Andrews Road
Saginaw, MI  48638
(989) 792-9641

_____/

## ANSWER TO COMPLAINT ON BEHALF OF "PARTICIPATING ENTITY ONE" _ONLY_ WITH AFFIRMATIVE DEFENSES

1

The Defendant moves to strike that claimed "Statement of Case" for reason that it is submitted without complying with FRCP 8 and 10 regarding pleadings and fails to properly state the Plaintiffs' purported claims.

## JURISDICTION AND VENUE

1.     The Defendant affirmatively states that this Court appears to have subject matter jurisdiction for reason that the matter against some of the Defendants emanates directly from federal statute.

2.     Though the Antitrust Act claims, and Clayton Act claims do not relate to thus Defendant, the Defendants does not contest that this Court has subject matter jurisdiction over such claims.

3.     Admit.  The Defendant affirmatively states that, although the claims against her are based upon alleged state law violations, she is afforded the protections of 36 U.S.C. 220501(d).

4.     Admit.

5.     Though this Defendants contests the claim that she engaged in any prohibitive conduct, she does not contest venue.

## PARTIES

6.     Upon information and belief admit.

7.     Upon information and belief admit.

2

8.      This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

9.      This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

10.     This Defendant affirmatively states that she is a resident of the County of Bay, State of Michigan but neither admits nor denies the remainder of the allegation in the manner and form alleged.

## GENERAL ALLEGATIONS

11.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

12.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

13.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

14.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

3

15.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

16.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

17.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

18.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

19.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

20.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

21.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs

being left to their strict proofs.

22.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

23.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

24.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

25.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

26.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

27.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

28.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, leaving Plaintiff to her strict proofs.

29.     This Defendant affirmatively states that she was interviewed in the fall of 2020.  This Defendant neither admits nor denies the allegations with regard to the remaining Defendants for reason that they apply to a wholly separate Defendant, leaving Plaintiffs to their strict proofs.

30.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

31.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

32.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

33.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

34.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

35.     This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

36.     This Defendant neither admits nor denies the allegation for reason that

it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

37.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

38.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

39.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

40.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

41.   This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

42.   To the extent that this Defendant is aware, the allegations surrounded alleged misconduct of the Plaintiffs but, at this time, is unaware of the specific contents of the allegations referred to herein and, therefore, neither admits nor denies the remainder of the allegations for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

43.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

44.   This Defendant neither admits nor denies the allegation for reason that

it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

45.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

46.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs. ]

47.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

48.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs. To the extent that this allegation is deemed to apply to this Defendant, she denies any and all claims of liability for reason that all of her statements were protected and/or privileged.

49.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs. To the extent that this allegation is deemed to apply to this Defendant, she denies any and all claims of liability for reason that all of her statements were protected and/or privileged.

50.     Upon information and belief admit.

51.     This Defendant neither admits nor denies the allegation for reason that it appears to state a legal conclusion, Plaintiffs being left to their strict proofs.

52.     This Defendant neither admits nor denies the allegation for reason that it appears to state a legal conclusion, Plaintiffs being left to their strict proofs.

53.     Upon information and belief admit.

54.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

55.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

56.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

57.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

58.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

59.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

60.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

61.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

62.     This Defendant neither admits nor denies the allegation for reason that

it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

63.    This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

64.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

65.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

66.    This Defendant neither admits nor denies the allegation for reason that she lacks sufficient information with which to form a response thereto, Plaintiffs being left to their strict proofs.

67.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

68.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

69.    Upon information and belief admit.  By way of further answer this Defendant affirmatively states that she is protected by the above limitation of liability and the Plaintiffs' claims of defamation and false light invasion of privacy must be dismissed as a matter of law.

70.    To the extent that this allegation refers to Defendants other than this

Defendant, the allegations are neither admitted nor denied for reason that they apply to a wholly separate Defendant, leaving Plaintiffs to their strict proofs.  To the extent that this allegation may be deemed to apply to this Defendant, this Defendant affirmatively states that she did not act with actual malice and any information she provided was in accordance with the investigative questions of her and, as such, her communications are protected by the liability limitation.

71.    Upon information and belief, there are no liability limitations associated with claims of breach of contract, negligent supervision, intentional infliction of emotional distress or any claims arising under restraint of trade denominated in the statute.  This Defendant affirmatively states that none of her communications amounted to breach of contract, negligent supervision, restraint of trade nor intentional infliction of emotional distress.

72.    This Defendant is not aware of whether or not the definition is accurate, leaving Plaintiffs to their strict proofs.

73.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

74.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

75.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

76.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

77.     To the extent that this allegation refers to this Defendant, the allegation is denied for reason that the same is untrue.  To the extent that it applies to other Defendants, it is neither admitted nor denied for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

78.     Denied for reason that the same is untrue.

79.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

80.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

81.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

82.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

83.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

84.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

85.     This Defendant neither admits nor denies the allegation for reason that

it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

86.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

87.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

88.    The Defendant neither admits nor denies the allegation for reason that she is not certain the allegation adequately and/or accurately quotes the Code.  By way of further answer, this Defendant denies any and all knowingly false allegations against any of the Plaintiffs, Plaintiffs being left to their strict proofs.

89.    To the extent that this allegation applies to this Defendant, she denies providing any false information with respect to the Plaintiffs.  To the extent that this allegation applies to other Defendants, it is neither admitted nor denied for reason that it applies to a wholly separate defendant, Plaintiffs being left to their strict proofs.

90.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

91.    To the extent that this allegation applies to this Defendant, she denies providing any false information with respect to the Plaintiffs.  To the extent that this allegation applies to other Defendants, it is neither admitted nor denied for reason that it applies to a wholly separate defendant, Plaintiffs being left to their strict

proofs.

92.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

93.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

94.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

95.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

96.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

97.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

98.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

99.     This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

100.    This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

101.    To the extent that this allegation refers to this Defendant, none of the

information she provided was provided "unjustly" or "recklessly."  To the extent that this allegation applies to other Defendants, it is neither admitted nor denied for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

102.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

103.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

104.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

105.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

106.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

107.   This Defendant neither admits nor denies the allegations for reason she lacks information with which to form a response to the allegation, Plaintiffs being left to their strict proofs.

108.   This Defendant neither admits nor denies the allegations for reason she lacks information with which to form a response to the allegation, Plaintiffs being left to their strict proofs.

109.   This Defendant neither admits nor denies the allegations for reason she lacks information with which to form a response to the allegation, Plaintiffs being left to their strict proofs.

## COUNT I: BREACH OF CONTRACT AGAINST CENTER AND CARDOSA

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

110.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

111.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

112.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT II: RESPONDEAT SUPERIOR AGAINST CENTER

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

113.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

114.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

115.   This Defendant neither admits nor denies the allegation for reason that

it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

116.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT III: NEGLIGENT SUPERVISION AGAINST CENTER

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

117.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

118.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

119.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

120.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT IV: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP OR EXPECTANCE AGAINST CENTER, CARDOSA, PARTICIPATING ENTITY 3

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

121.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

122.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

123.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

124.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT V: TORTIOUS INTERFERENCE WITH A CONTRACT AGAINST CENTER, CARDOSA, PARTICIPATING ENTITY 3

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

125.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

126.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

127.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

128.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT VI: DEFAMATION AGAINST CENTER, CARDOSA AND PARTICIPATING ENTITY 3

The Defendant hereby incorporates all of her prior answers as though fully set

forth herein.

129.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

130.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

131.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

132.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT VII: INVASION OF PRIVACY BY FALSE LIGHT AGAINST CENTER, CARDOSA AND PARTICIPATING ENTITY 3

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

133.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

134.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

135.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

136.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## <u>COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CENTER AND CARDOSA</u>

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

137.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

138.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

139.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## <u>COUNT IX: SHERMAIN ANTI-TRUST AGAINST CENTER</u>

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

140.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

141.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

142.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

143.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

144.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

145.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

146.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

147.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## **COUNT X: CLAYTON ANTI-TRUST AGAINST CENTER**

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

148.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

149.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

150.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

151.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

152.   This Defendant neither admits nor denies the allegation for reason that

it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT XI: MICHIGAN ANTI-TRUST REFORM
## ACT AGAINST CENTER

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

153.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

154.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

155.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

156.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

157.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

158.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT XII: DEFAMATION AGAINST
## PARTICIPATING ENTITIES 1, 2, AND 4

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

159.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

160.   The allegations are denied in their entirety for reason that the same are untrue.

161.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

162.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

## COUNT XIII: INVASION OF PRIVACY BY FALSE LIGHT AGAINST PARTICIPATING ENTITIES 1, 2 AND 4

The Defendant hereby incorporates all of her prior answers as though fully set forth herein.

163.   This Defendant neither admits nor denies the allegation for reason that it states a legal conclusion, Plaintiffs being left to their strict proofs.

164.   The allegations are denied in their entirety for reason that the same are untrue.

165.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

166.   This Defendant neither admits nor denies the allegation for reason that it applies to a wholly separate Defendant, Plaintiffs being left to their strict proofs.

WHEREFORE, the Defendant respectfully prays for judgment in her favor,

together with costs and attorney fees so wrongfully sustained.

Respectfully submitted,

Dated: August 23, 2023            SMITH BOVILL, P.C.

*Andrew D. Concannon*

BY:_____

ANDREW D. CONCANNON (P49336)
Attorneys for Participating Entity 1
200 St. Andrews Road
Saginaw, Michigan  48638
(989) 792-9641
aconcannon@smithbovill.com

## NEW MATTER AND AFFIRMATIVE DEFENSES

1.    All or some of Plaintiffs' claims may be barred by reason of the doctrines of *waiver, estoppel,* and/or *laches*.

2.    All or some of Plaintiffs' claims may be barred by reason of release of the claims raised herein.

3.    All or some of Plaintiffs' claims may be barred due to a failure to mitigate damages.

4.    All or some of Plaintiffs' claims, including the claim of defamation, may be barred by the applicable statute of limitations.

5.    All or some of Plaintiffs' claims may be barred by the limitation of liability of 36 USC 220541(d) as this Defendant did is an "applicable entity" under 36 USC 220541(d)(4)(D), (F) and/or (G).

24

6.      All or some of Plaintiffs' claims may be barred by waiver.

7.      All or some of Plaintiffs' claims may be barred by laches.

8.      All or some of Plaintiffs' claims may be barred by equitable estoppel.

9.      The Plaintiffs claims must fail for reason that the communications made by the Defendant were privileged and not defamatory.

10.     The Plaintiffs claims must fail for reason that the communications made by the Defendant were true, or substantially true.

11.     The Plaintiffs claims must fail for reason that the communications made by the Defendant  did not place the Plaintiffs in a false or misleading light.

12.     Plaintiffs have not pled ***special damages*** specifically, in accordance with Rule 9(g), and, therefore, recovery of same is barred.

13.     Plaintiffs have not pled allegations of ***mistake*** regarding statements allegedly attributable to this defendant specifically, in accordance with Rule 9(b), and, therefore, recovery of same is barred.

14.     All or some of Plaintiffs' claims may be barred by unclean hands.

15.     All or some of Plaintiffs' claims may be barred by res judicata and/or collateral estoppel.

**Defendant reserves the right to add to or amend his New Matter and Affirmative Defenses up to and through the time of trial.**

Respectfully submitted,

Dated: August 23, 2023          SMITH BOVILL, P.C.

*Andrew D. Concannon*

BY:_____

ANDREW D. CONCANNON (P49336)
Attorneys for Participating Entity 1
200 St. Andrews Road
Saginaw, Michigan  48638
(989) 792-9641
aconcannon@smithbovill.com