# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

NANCI MOORE and ALEXIS MOORE;

      Plaintiffs,

Case No. 23-cv-11681

HON. THOMAS L. LUDINGTON

-vs-

UNITES STATES CENTER FOR SAFESPORT; SIMONE CARDOSA, Investigator for United States Center for SafeSport, in her official capacity, and personally; Participating Entity 1; Participating Entity 2; Participating Entity 3; and Participating Entity 4,

      Defendant.
_____/

BRYAN & PRINCE, PA
BY: RUSSELL SCOTT PRINCE
Attorneys for Plaintiffs
1600 East 8th Avenue
Centro Ybor A200
Tampa, FL 33605
(813) 491-8767

SMITH BOVILL, P.C.
BY: ANDREW D. CONCANNON (P49336)
Attorneys for Participating Entity 2 and Participating Entity 3
200 St. Andrews Road
Saginaw, MI  48638
(989) 792-9641
_____/

**<u>PARTICIPATING ENTITY 2 AND PARTICIPATING ENTITY 3'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2)</u>**

## BRIEF IN SUPPORT OF PARTICIPATING ENTITY 2 AND PARTICIPATING ENTITY 3'S MOTION FOR DISMISSAL FOR WANT OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2)

NOW COME Defendants Participating Entity 2 and Participating Entity 3, and for their Reply Brief in Support of the Motion for Dismissal for lack of jurisdiction states as follows:

## ISSUES PRESENTED

1. Given the fact that the subject statements made by these Defendants were made in Alabama, long after they moved from Michigan, does Michigan's long arm statute, MCL 600.705, provides a basis for limited personal jurisdiction?

2. Assuming the long arm statue may confer limited jurisdiction, is personal jurisdiction otherwise improper since exercising jurisdiction would violate due process requirements?

3. To the extent that the Plaintiff's claim that the district court has exclusive jurisdiction over claims under 36 USC 220542, is it proper that such claims must be litigated in the United States District Court for the Northern District of Alabama instead of the Eastern District of Michigan?

## CONTROLLING AUTHORITY

*Int'l Shoe Co. v. Washington,* 326 US 310, 319; 66 S Ct 154 [159–60]; 90 L Ed 95; 161 ALR 1057 (1945).

*Burger King Corp v. Rudzewicz,* 471 US 462, 474; 105 S Ct 2174 [2183]; 85 L Ed 2d 528 (1985).

*Mozdy v Lopez,* 197 Mich App 356, 361; 494 NW2d 866 (1992).

*Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991).

*Witbeck v. Bill Cody's Ranch Inn,* 428 Mich. 659, 666, 411 N.W.2d 439 (1987).

## STATEMENT OF FACTS

Attached as **Exhibits 1 and 2** are redacted affidavits of Participating Entities 2 and 3 which make clear that their residence was in the State of Alabama and that none of the activities about which they are being sued ever took place in the State of Michigan nor did they have any contacts with the State of Michigan which would have served to properly invest this Court with personal jurisdiction over them.

In addition, the Complaint contains no facts which would make a prima facie showing that the Defendants either committed a tort or caused the claimed harm in Michigan and, even if they did so, the Plaintiffs cannot establish exercising jurisdiction over the defendants would meet applicable due process requirements.

The Plaintiff's response claims that since the Defendants once lived and worked in Michigan- albeit before the claimed defamatory statements were made- they purposefully availed themselves of the benefits of Michigan. For the reasons set forth below, this Court should grant the motion and dismiss the matter.

## ARGUMENT

### I. IT WOULD BE IMPROPER TO EXERCISE PERSONAL JURISDICTION OVER PARTICIPATING ENTITIES 2 AND 3.

Michigan's well-established rules for personal jurisdiction are:

> "The plaintiff bears that the burden of establishing jurisdiction over the defendant, need only make a prima facie showing of jurisdiction to defeat a motion for summary disposition. The plaintiff's complaint must be accepted as true unless specifically contradicted by affidavits or other evidence submitted by the

parties. Thus, when allegations in the pleadings are contradicted buy documentary evidence, the Plaintiff may not rest on mere allegations but must produce admissible evidence of his or her prima facie case establishing jurisdiction." *Glen v TPI Petroleum Inc.,* 305 Mich App 698, 702 (2014) (Quoting *Yost v Caspari*, 295 Mich App 209, 221-222 (2012)) (emphasis in original).

**A.     No acts for which Participating Entities are sued took place in Michigan. As such, insufficient contacts exist for this Court to exercise personal jurisdiction.**

As noted by the Sixth Circuit:

> The procedural scheme which guides the district court in disposing of 875 F.2d 1212, 1214 (6th Cir.1989). The plaintiff bears the burden of establishing that jurisdiction exists. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936); *accord Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1168 (6th Cir.1988); *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 929 (6th Cir.1974). ***Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.*** *Weller,* 504 F.2d at 930.

*Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)(emphasis added).

Of note, the Plaintiffs' response to the motion to dismiss at pages 2 through 4 makes two basic claims: one, that Participating Entities 2 and 3 had contract in the forum state- generally- and two, they "were residents in Michigan when the acts in dispute occurred (within Bay City Academy in Bay City, Michigan)." Yet, no affidavit has been filed by the Plaintiffs, nor has there been any documentary evidence produced by them, which contradicts the fact that the complained of statements, were all made in Alabama.

2

The Court should note that the claims against these all four defendants; in other words, *"**the dispute**,"* has *almost nothing to do with the conduct alleged to have taken place in the gym* when the Defendants still lived in Michigan and made the observations that served as the basis for their later communication with U.S. Safe Sport investigators. By contrast, all of the claims turn on whether or not the defendants defamed/slandered the Plaintiffs when discussing those activities, and this has only a tangential relationship to the activities of the Plaintiffs in the gym and what the Defendants observed. And, with regard to these two defendants specifically, there has been nothing to rebut the affidavits of both Participating Entities 2 and 3 that they made the disputed communications **in Alabama, not in Michigan**.

As noted in the Defendants underlying motion, traditionally, in Michigan, personal jurisdiction involves:

> "A two-fold inquiry: (1) do the [respondents] acts fall within the applicable long-term statute; and (2) does the exercise of jurisdiction over the [respondent] comport with due process?"

*Green v Wilson*, 455 Mich 342, 347, 565 NW2d 813 (1997) (opinion by Kelly, J.), citing *Starbright Distrib. V Excelda Mfg. Co.,* 454 Mich 302; 562 NW2d 648 (1997).

The ***ACTS*** complained of must necessarily have taken place in Michigan. The *acts* here, as alleged in the complaint, are listed in paragraph 79 through 83. Participating entity 2 is being sued for an interview she gave

as noted in Paragraph 79 and her affidavit that those allegedly defamatory communications were made in Alabama is undisputed in the Plaintiffs' response.

As to Participating Entity 3, her acts were noted as being defamatory statements at an arbitration hearing where she participated by phone and/or ZOOM. As her affidavit reflects, her hearing participation was from Alabama and this has been unrebutted!

There are insufficient contacts in Michigan with regard to the claimed tortious *acts* to vest this Court with personal jurisdiction over these defendants. The motion to dismiss should be granted on this basis alone.

      **B.**    **Even if this Court concludes that the Long Arm statutory connection is sufficient, the exercise of personal jurisdiction over these defendants in the applicable case would violate due process.**

Even if the Court were to find that the long-arm statute for limited jurisdiction is satisfied, this Court must still conduct an analysis of whether or not personal jurisdiction would comport with due process. Specifically, Michigan law requires a three-part evaluation with regarding to protecting the due process rights of a defendant:

> "First, the defendant must have purposely availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and production of this state's law. Second, the cause of action must derive from the defendant's activities in the state. Third, the defendant's activities must be substantially

connected with Michigan to make the exercise of jurisdiction over the defendant reasonable."

*Mozdy v Lopez*, 197 Mich App 356, 361; 494 NW2d 866 (1992).

As applied to these facts, Participating Entities 2 and 3 lived in Alabama at the time of the statements and did not "purposely avail" themselves "of the privilege of conducting activities in Michigan as required by *Mordy* when the statements were made. In addition, the complained of activities of Participating Entities 2 and 3; i.e., their statements, did not take place in Michigan. Finally, statements made in Alabama to individuals in Colorado (where Safe Sport is headquartered) and/or to participants in an arbitration taking place in Minnesota is an insufficient connection with Michigan to make jurisdiction reasonable. And, this third element is only to be evaluated by the Court only if the first two elements have been satisfied- which they have not been!

Our Supreme Court in *Witbeck v. Bill Cody's Ranch Inn*, 428 Mich. 659, 666, 411 N.W.2d 439 (1987) stated:

> The Due Process Clause of the Fourteenth Amendment "does not contemplate that a state may make binding a judgment in personam against an individual or a corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 US 310, 319; 66 S Ct 154 [159–60]; 90 L Ed 95; 161 ALR 1057 (1945). The "constitutional touchstone" is whether the defendant purposefully established "minimum contacts" in the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.' " *Id.,* 316 [66 S.Ct. at 158]. *Burger King Corp v. Rudzewicz*, 471 US 462, 474; 105 S Ct 2174 [2183]; 85 L Ed 2d 528 (1985).

Even if the Court felt that requirements under the long-arm statute were minimally met, due process does not allow for jurisdictional over Participating Entities 2 and 3 in any event. There were no minimum contacts in Michigan when the allegedly defamatory statements were made to make the exercise of personal jurisdiction comport with the requirements of *fair play and substantial justice*.

### C. THIS MATTER MUST BE DISMISSED AGAINST THESE DEFENDANTS AND/OR TRANSFERRED TO THE NORTHERN DISTRICT OF ALABAMA WHERE THE DISTRIC COURT WOULD HAVE JURISDICTION.

The acts complained of took place in Alabama by telephone interview and by arbitration testimony in Alabama. This is unrebutted. If this matter remains pending against these defendants, it must be litigated in Alabama. To the extent that the federal statute at issue requires litigation in the federal forum (a conclusion with which Participating Entities 2 and 3 do not disagree), the Plaintiffs may freely litigate the dispute against Participating Entities 2 and 3 in the Northern District of Alabama if they need to do so.

### CONCLUSION

The affidavits of Participating Entity 2 and Participating Entity 3 are unrebutted. Not a single document has been produced to show that the alleged

6

defamatory statements were made in Michigan, or for that matter, even heard in Michigan. Plaintiffs have failed to demonstrate and fair and legal basis to have this Court assert *in personam* jurisdiction over Participating Entity 2 and Participating Entity 3. The motion to dismiss should be granted.

WHEREFORE, the Defendants Participating Entity 2 and Participating Entity 3 respectfully request that the Court dismiss the suit against them for want of personal jurisdiction via FRCP 12(b)(2).

Respectfully submitted,

Dated: April 12, 2024   SMITH BOVILL, P.C.

*Andrew D. Concannon*

BY:_____
ANDREW D. CONCANNON (P49336)
Attorneys for Participating Entity 2 and Participating Entity 3
200 St. Andrews Road